IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL CASE NO. 1:11-cr-00255-TWT-RGV |
| QUENTIN BOOKER, *et al.* | |

**ORDER FOR SERVICE OF MAGISTRATE JUDGE'S
<u>REPORT AND RECOMMENDATION</u>**

Attached is the Report and Recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1) and Local Criminal Rule 59(2)(a)-(b). Let the same be filed and a copy, with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Report and Recommendation within fourteen (14) days of receipt of this Order. Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. Failure to object to this Report and Recommendation waives a party's right to review. Fed. R. Crim. P. 59(b)(2).

Pursuant to Title 18, U.S.C. § 3161(h)(1)(D) and (H), **the above-referenced fourteen (14) days allowed for filing objections is EXCLUDED from the computation of time under the Speedy Trial Act, whether or not objections are actually filed.** The Clerk is **DIRECTED** to submit the Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED**, this 12th day of March, 2012.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL CASE NO. 1:11-cr-00255-TWT-RGV |
| QUENTIN BOOKER, *et al.* | |

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Pending before the court is defendant Stacey Dooley's ("Dooley") motion to declare Rule 12.1 of the Federal Rules of Criminal Procedure unconstitutional. [Doc. 200]. The government has filed a response. See [Doc. 265]. For the following reasons, it is **RECOMMENDED** that Dooley's motion to declare Rule 12.1 of the Federal Rules of Criminal Procedure unconstitutional, [Doc. 200], be **DENIED**.

## I. STATEMENT OF FACTS

Dooley is charged along with several co-defendants in a fifteen-count indictment. [Doc. 312]. Dooley is charged with conspiring to commit a Hobbs Act robbery, in violation of 18 U.S.C. § 1951; attempted commission of a Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 and 2; commission of Hobbs Act robberies, in violation of 18 U.S.C. §§ 1951 and 2; using a firearm in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2; and using a firearm in

relation to a crime of violence wherein a death occurred, in violation of 18 U.S.C. §§ 924(c)(1)(A), 924(j)(1), and 2. [Id.].

In connection with providing Dooley and his co-defendants with discovery, the government demanded the production of any alibi evidence Dooley intends to present at trial. See Fed. R. Crim. P. 12.1. Dooley contends that it is "constitutionally impermissible to require [Dooley] to disclose any witness that he may call at trial, without first requiring the [g]overnment to disclose the witnesses that it will call." [Doc. 200 at 2]. Specifically, Dooley cites to Supreme Court precedent in Williams v. Florida, 399 U.S. 78 (1970), and Wardius v. Oregon, 412 U.S. 470 (1973), for the proposition that requiring defendants to disclose their alibi defense in advance of trial is constitutional only where there is mandatory reciprocal discovery. See [Doc. 200 at 3-5]. He asserts that Congress adopted Rule 12.1 with these cases in mind, anticipating that the broad discovery permitted defendants under proposed Federal Rule of Procedure 16 would satisfy the reciprocity requirement. See [id. at 5-7]. However, the broader rules of discovery in Rule 16 were not actually adopted, and Dooley contends that the more limited discovery afforded by the current Rule 16 renders Rule 12.1 unconstitutional. [Id. at 7-9]. The government asserts in response that Rule 12.1, which tracks the language of the Florida statute upheld in Williams, "comfortably passes constitutional muster." [Doc. 265 at 7].

## II.  DISCUSSION

Rule 12.1 allows an attorney for the government to "request in writing that the defendant notify an attorney for the government of any intended alibi defense." Fed. R. Crim. P. 12.1(a)(1). The government's request "must state the time, date, and place of the alleged offense." Id. Within 14 days after receiving a compliant request, the defendant is required to "serve written notice on an attorney for the government of any intended alibi defense." Fed. R. Crim. P. 12.1(a)(2). The notice must specify "each specific place where the defendant claims to have been at the time of the alleged offense" and "the name, address, and telephone number of each alibi witness on whom the defendant intends to rely." Fed. R. Crim. P. 12.1(a)(2)(A)-(B). Within 14 days of receiving this information from the defendant, an attorney for the government must disclose to the defendant "the name of each witness – and the address and telephone number of each witness other than a victim -- that the government intends to rely on to establish the defendant's presence at the scene of the alleged offense" and "each government rebuttal witness to the defendant's alibi defense." Fed. R. Crim. P. 12.1(b)(1)(A)(i)-(ii). The rule also imposes a continuing duty to disclose upon both parties. Fed. R. Crim. P. 12.1(c).

In Williams "the Supreme Court upheld the constitutionality of Florida's notice-of alibi rule, which required criminal defendants intending to rely on an alibi

defense to notify the prosecution of the place at which they claimed to be at the time in question, and of the names and addresses of witness they intended to call in support of the alibi." United States v. Beasley, Criminal Action No. 1:04-cr-00014-ODE-AJB-1, at [Doc. 80 at 2] (N.D. Ga. Nov. 15, 2005) (citation omitted).  The defendant in the case had attacked the rule as unconstitutional, claiming it violated his due process rights and right against self-incrimination, but the Supreme Court stated that it "need not linger over the suggestion that the discovery permitted the State against petitioner . . . deprived him of 'due process' or a 'fair trial.' Florida law provides for liberal discovery by the defendant against the state, and the notice-of-alibi rule is itself carefully hedged with reciprocal duties requiring state disclosure to the defendant." Williams, 399 U.S. at 81.  The Court thus found "ample room in [the] system, at least as far as 'due process' is concerned, for the instant Florida rule, which is designed to enhance the search for truth in criminal trial by insuring both the defendant and the State ample opportunity to investigate certain facts crucial to the determination of guilt or innocence." Id.  The Court also cautioned, however, that the constitutionality of similar alibi-notice provisions would depend on the specific context and an inquiry into whether the defendant enjoyed reciprocal discovery against the state. Id. at 81 n.11.

In Wardius, the court evaluated another alibi-notice provision. 412 U.S. at 470. In that Oregon statute, the notice-of-alibi rule did not, on its face, make any provision for reciprocal discovery by the state. Id. at 471-72 & n.3. The Supreme Court held that "the Due Process Clause of the Fourteenth Amendment forbids enforcement of alibi rules unless reciprocal discovery rights are given to criminal defendants." Id. at 472. Noting that the due process clause speaks to the "balance of forces between the accused and his accuser," id. at 474 (citation omitted), the Wardius Court rejected the Oregon statute as it had no provision which required the state to reveal the names and addresses of witnesses it planned to use to refute an alibi defense, see id. at 474-75, emphasizing that "discovery must be a two-way street," id. at 475. Taken together, these cases lead the Court to conclude that Rule 12.1 is constitutional.

"On its face, Federal Rule of Criminal Procedure 12.1 provides for reciprocal discovery." Beasley, Criminal Action No. 1:04-cr-00014-ODE-AJB-1, at [Doc. 80 at 3]. Once a defendant discloses his alibi defense, the government must disclose the same type of information regarding the evidence it will use to rebut that defense. See Fed. R. Civ. P. 12.1(a), (b). Accordingly, the rule does not "require a defendant to divulge the details of his own case while at the same time subjecting him to the hazard of surprise concerning refutation of the very pieces of evidence which he

5

disclosed to the [s]tate." Wardius, 412 U.S. at 476. "Because Rule 12.1 gives reciprocal discovery rights to criminal defendants, the rule is constitutional." Beasley, Criminal Action No. 1:04-cr-00014-ODE-AJB-1, at [Doc. 80 at 5].

Dooley asserts that, despite the reciprocity on the face of Rule 12.1, it is unconstitutional because the Advisory Committee, in adopting the rule, hinged the rule's constitutionality on the "substantially enlarged discovery" of proposed Rule 16, which was never adopted.[1] [Doc. 200 at 5-7]. In other words, Dooley contends that Rule 12.1 violates due process because the government is not required to disclose the names and addresses of all of its witnesses before trial, emphasizing the fact that both the Williams and the Wardius Courts discussed the liberal discovery Florida permitted a defendant to have against the state. See [id.]. However, "[g]eneral reciprocal discovery in criminal cases was not the linchpin of the Williams

---

[1] Specifically, Dooley cites to an Advisory Committee note which states that "[d]oubts about the constitutionality of a notice-of-alibi rule were to some extent resolved by [Williams] . . . . Under the revision of rule 16, the defendant is entitled to substantially enlarged discovery in federal cases and it would seem appropriate to conclude that the rules will comply with the 'reciprocal discovery' qualifications of the Williams decision." Fed. R. Crim. P. 12.1 advisory committee's note 1974. The proposed Rule 16 would have "enlarge[d] the scope of the defendant's discovery to include a copy of his prior criminal record and a list of the names and addresses, plus record of prior felony convictions, of all witnesses the prosecution intend[ed] to call during its case-in-chief," see Fed. R. Crim. P. 16 advisory committee's note 1975 amendment. However, Congress decided that "the names and addresses of witnesses are not subject to discovery," 2 Charles Alan Wright, Federal Practice and Procedure: Criminal § 251 n.18 (3d ed.) (quotation omitted).

decision." Beasley, Criminal Action No. 1:04-cr-00014-ODE-AJB-1, at [Doc. 58 at 7] (N.D. Ga. July 21, 2005), adopted by [Doc. 80] (N.D. Ga. Nov. 15, 2005). Indeed, although the Wardius Court recognized that Oregon, unlike Florida, had no general liberal discovery provisions to fall back upon, it emphasized that the Oregon statute was unconstitutional not because it lacked general liberal discovery for the defendant, but because there was no reciprocal discovery with respect to the alibi witness information the statute required the defendant to disclose. Wardius, 412 U.S. at 475 ("More significantly, Oregon, unlike Florida, has no provision which requires the State to reveal the names and addresses of witnesses it plans to use to refute an alibi defense."). Thus, the focus of the inquiry is whether the alibi-notice rule requires the defendant to specifically disclose information without imposing a reciprocal duty on the government. See Beasley, Criminal Action No. 1:04-cr-00014-ODE-AJB-1, at [Doc. 58 at 5-6] (citing United States v. Abcasis, 785 F. Supp. 1113, 1118 (E.D.N.Y. 1992)). As Rule 12.1 clearly imposes a reciprocal duty on the government for the alibi information a defendant is required to disclose, the general level of discovery permitted defendants under Rule 16 is immaterial. See Beasley, Criminal Action No. 1:04-cr-00014-ODE-AJB-1, at [Doc. 80 at 5] ("Although there was the expectation that a criminal defendant was to obtain more liberal discovery under Rule 16, Rule 12.1 as enacted is in compliance with the principles of Williams

7

and <u>Wardius</u>."). Accordingly, it is **RECOMMENDED** that Dooley's motion to declare Rule 12.1 of the Federal Rules of Criminal Procedure unconstitutional, [Doc. 200], be **DENIED**. See <u>Beasley</u>, Criminal Action No. 1:04-cr-00014-ODE-AJB-1, at [Doc. 80 at 7] (denying similar motion); <u>see also</u> <u>United States v. Beasley</u>, 251 F. App'x 648, 649 (11th Cir. 2007) (per curiam) (unpublished) (affirming denial of motion challenging constitutionality of Rule 12.1).

### III. CONCLUSION

For the foregoing reasons and cited authority, it is **RECOMMENDED** that Dooley's motion to declare Rule 12.1 of the Federal Rules of Criminal Procedure unconstitutional, [Doc. 200], be **DENIED**.

**IT IS SO RECOMMENDED**, this 12th day of March, 2012.

*/s/ Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE