IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  v.<br><br>STACEY DOOLEY<br>also known as Donyale Dooley<br>also known as Chicken<br>also known as Po Chicken,<br><br>  Defendant. | CRIMINAL FILE NO.<br>1:11-CR-255-3-TWT |

OPINION AND ORDER

Defendants Ashley Henderson and Stacey Dooley have moved for the Court to suppress evidence derived from a GPS tracker placed by Detective Michael Duncan on Dooley's car in the driveway of Dooley and Henderson's shared residence. The Court holds that the non-enclosed driveway is not curtilage of the residence, so the Defendants do not have a constitutionally protected interest in the driveway. Only Dooley has standing to challenge the placing of the GPS tracker on the automobile as its exclusive owner. Although a warrant is now required to place a GPS tracker on an automobile pursuant to United States v. Jones, 132 S. Ct. 945 (2012), Duncan attached the GPS before Jones, when Eleventh Circuit case law stated that only reasonable suspicion was required.

I. Background

On March 15, 2011, between 3:00 a.m. and 5:00 a.m., Detective Michael Duncan installed a GPS tracker underneath the rear bumper of a red Chevrolet Impala parked in the driveway of the residence at 5015 Michael Jay Street, Snellville, Georgia (the "Residence"). The Impala was backed into the driveway with the rear bumper almost touching the garage door, which remained closed. At that time, the Residence had no carport or any similar type of enclosure extending from the Residence over the Impala, and the Impala was not covered in any way. Detective Duncan did not enter the garage or the house. The Defendant Stacey Dooley resided with Defendant Desiree Jones and their two children at 5015 Michael Jay Street, along with Defendant Ashley Henderson. Duncan had reasonable suspicion that Dooley had been involved in a series of armored car robberies. Defendants Dooley and Henderson moved to suppress the evidence derived from the GPS tracker. Magistrate Judge Russell G. Vineyard recommended that the Court deny these motions, and the Defendants objected.

II. Discussion

The Fourth Amendment to the United States Constitution provides that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. CONST. amend. IV.

A defendant may show that a Fourth Amendment violation occurred either by showing that the "[g]overnment physically occupied private property for the purpose of obtaining information," United States v. Jones, 132 S. Ct. 945, 949 (2012), or, even absent a trespass, by showing that his reasonable expectations of privacy were violated. See id. at 952. Detective Duncan entered the driveway of the Residence to install the GPS tracker on the undercarriage of the Impala, so Henderson may pursue his claim if he can show a trespass by establishing that he had a constitutionally protected interest in either the driveway of the Residence or the Impala onto which the GPS tracker was attached.

Henderson argues that the driveway was within the curtilage of the Residence, and thus a protected area. "[T]he extent of the curtilage is determined by factors that bear upon whether an individual reasonably may expect that the area in question should be treated as the home itself." United States v. Dunn, 480 U.S. 294, 300 (1987). The factors relevant to determining the boundaries of the curtilage are: (1) the proximity of the area claimed to be in the curtilage of the home; (2) whether the area is included within an enclosure surrounding the home; (3) the nature of the uses to which the area is put; and (4) the steps taken by the resident to protect the area from observation by people passing by. Id. at 301. The first factor weighs in Henderson's favor, as the driveway in question is right next to the garage door of the house.

However, the other three factors weigh against finding the driveway to be curtilage. The driveway was not enclosed or covered, and there is no evidence that Defendants used it for any purpose other than vehicle storage. Unlike a front porch, a driveway is not typically utilized for the activity of home life–eating, sitting, talking, etcetera. Compare Florida v. Jardines, 133 S. Ct. 1409, 1415 (2013). Finally, there is no evidence that the Defendants protected the driveway from observation with a gate, fence, or "No Trespassing" sign. The driveway is not part of the curtilage of the Residence, and thus Henderson did not have a reasonable expectation of privacy in the driveway.

Attaching a GPS tracking device to an individual's vehicle, and using the device to track the vehicle's movements, constitutes a "search" within the meaning of the Fourth Amendment. Jones, 132 S. Ct. at 949. However, the evidence derived from this search should not be excluded as to either Defendant Henderson or Defendant Dooley. Henderson does not have standing to challenge the placing of the GPS device on the Impala because he was not the "exclusive" user of the vehicle, and only "sometimes drove" it. See id. at 949 n.2. On the other hand, Dooley provided the money to purchase the Impala, and the government has conceded that he has standing to challenge the installation of the GPS device. However, the government argues that even if the installation of the GPS tracker violates the Fourth Amendment,

evidence derived from that action is not due to be suppressed since the good faith exception to the exclusionary rule applies. The Court agrees.

"[T]he good faith exception to the exclusionary rule 'stands for the principle that courts generally should not render inadmissible evidence obtained by police officers acting in reasonable reliance upon a search warrant that is ultimately found to be unsupported by probable cause.'" United States v. Vanbrackle, 397 Fed. Appx. 557, 559 (11th Cir. 2010) (per curiam) (unpublished), quoting United States v. Martin, 297 F.3d 1308, 1313 (11th Cir. 2002). The good faith exception "has been extended to situations where officers are called upon to interpret or rely upon an external source of authority such as a statute, which later turns out to be invalid or not to authorize the action taken, or where officers have based their conduct on recognized exceptions to the warrant requirement itself, such as consent." United States v. Gonzalez, 969 F.2d 999, 1004 n.7 (11th Cir. 1992). Detective Duncan installed the GPS tracker on the Impala on March 15, 2011, before the Supreme Court's decision in United States v. Jones, 132 S. Ct. 945 (2012). Prior to Jones, the Eleventh Circuit had held that a warrant was not required to install an electronic tracking device on the exterior of a vehicle parked in a public place, and instead an officer need only have a reasonable suspicion to support the installation of a beeper. United States v. Michael, 645 F.2d

252, 257-59 (5th Cir. May 11, 1981) (en banc);[1] cf. United States v. Smith, 387 Fed. Appx. 918, 921 (11th Cir. 2010) (per curiam) (unpublished) (holding that the warrantless installation of a GPS device on the exterior of defendant's car did not violate the Fourth Amendment "because the Escalade was parked in a place easily accessible to the public and was reachable from a public thoroughfare"). The driveway was visible to the public and not part of the curtilage of the Residence, so from the officer's reasonable perspective at the time, like the public parking lot in Michael, it was not subject to a reasonable expectation of privacy. Michael, 645 F.2d at 257-58. In all issues discussed in this Order and any issues not discussed, the Court approves and adopts the Report and Recommendation as the judgment of the Court.

### III.  Conclusion

For the reasons set forth above, the Court approves and adopts the Report and Recommendation [Doc. 574] as the judgment of the Court. The Court DENIES Henderson's Motion to Suppress [Doc. 193], DENIES Dooley's Motion to Suppress [Doc. 201], and DENIES Dooley's Motion to Suppress [Doc. 398].

---

[1] Decisions of the Fifth Circuit rendered before October 1, 1981, are binding upon panels of the Eleventh Circuit. Bonner v. Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir.) (en banc).

SO ORDERED, this 7 day of June, 2013.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge